PITTMAN v. HYATT COIN & GUN, INC.

[224 N.C. App. 326 (2012)]

═══════════

ELLIS PITTMAN, Plaintiff

v.

HYATT COIN & GUN, INC., and LARRY HYATT, (in his capacity as President of Hyatt Coin & Gun, Inc.), Defendants

No. COA12-706

Filed 18 December 2012

**1. Firearms and Other Weapons—negligence—summary judgment—stolen gun—reasonable firearms merchant**

The trial court did not err in a case arising out of the sale of a firearm by granting summary judgment in favor of defendants on the allegation of negligence even though plaintiff contended that defendants had a duty to ensure the gun was not stolen. The record established that defendants acted in accordance with what a reasonable firearms merchant would do.

**2. Firearms and Other Weapons—unfair trade practices—legal title to sell**

The trial court did not err in a case arising out of the sale of a firearm by granting summary judgment in favor of defendants on the issue of unfair trade practices. The facts showed that defendants' practice did not cause a negative impact on the marketplace and displayed no inequitable assertion of power, as the

PITTMAN v. HYATT COIN & GUN, INC.

[224 N.C. App. 326 (2012)]

firearm sold to plaintiff was one which defendants had legal title to sell.

### 3. Emotional Distress—negligent infliction of emotional distress—intentional infliction of emotional distress—punitive damages

Plaintiff's remaining arguments that the trial court erred in granting summary judgment with respect to his claims of negligent infliction of emotional distress, intentional infliction of emotional distress, and punitive damages necessarily failed based on the resolution of the prior issues.

Appeal by Plaintiff from judgment entered on 24 January 2012 by Judge Forrest D. Bridges in Mecklenberg County Superior Court. Heard in the Court of Appeals 24 October 2012.

*Johnson & Nicholson, PLLC, by Carnell Johnson, for Plaintiff-Appellant.*

*Cranfill Sumner & Hartzog, LLP, by Jaye E. Binghman-Hinch and John W. Ong, for Defendant-Appellees.*

BEASLEY, Judge.

Ellis Pittmann (Plaintiff) appeals from an order granting Defendant summary judgment. For the following reasons, we affirm.

On 21 August 2010, Plaintiff purchased a Ruger P345 pistol with the serial number 664-57001 from Defendant Hyatt Coin & Gun, a federally licensed firearms dealer. Defendants previously purchased the pistol from a customer in 2009 and noted the transfer of title in the store's Firearms Acquisition and Disposition Record Book. Defendants made no comments and gave no warnings to Plaintiff regarding whether the title to the pistol had been verified.

Plaintiff was traveling in Dillon, South Carolina, when he was pulled over by a Dillon police officer for speeding. Plaintiff informed the officer that he had the pistol in his glove box. The officer ran the serial number of the pistol through the National Crime Information Center (NCIC) database and discovered that a gun with that serial number was listed as stolen. Plaintiff did not have his bill of sale to prove his purchase of the pistol. The officer arrested Plaintiff for speeding and possession/receiving stolen goods. Further investigation revealed that the serial number on the stolen gun had been entered incorrectly into the database. On 23 July 2009, Willie Walker

reported that his gun, with the serial number 664-57007, was stolen, but the police report incorrectly listed the serial number as that matching Plaintiff's pistol.

Plaintiff filed this action on 16 February 2011, claiming negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, unfair and deceptive trade practices, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and inadequate instruction or warning under Chapter 99B of the North Carolina General Statutes. Following Defendants' motion to dismiss on the grounds of failure to state a claim, the court dismissed all but Plaintiff's claims for negligence, negligent and intentional infliction of emotional distress, unfair and deceptive trade practices, and punitive damages. On 4 November 2011, Defendants filed a motion for summary judgment; it was first amended on 7 November 2011 and again on 22 December 2011. A hearing was held on 3 January 2012. The trial court granted the motion and dismissed the remaining claims in an order filed on 24 January 2012.

[1] Plaintiff argues that the trial court erred by granting Defendant's motion for summary judgment. Specifically, Plaintiff first argues that the trial court erred in granting summary judgment to Defendants on the allegation of negligence because evidence was presented establishing a duty to ensure the gun was not stolen. We disagree.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008)(quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

To prevail on a summary judgment motion in a negligence action, the plaintiff must show that the defendant had a legal duty and that the defendant breached that duty. *Lavelle v. Schultz*, 120 N.C. App. 857, 859-60, 463 S.E.2d 567, 569 (1995). "Actionable negligence occurs when a defendant owing a duty fails to exercise the degree of care that a reasonable and prudent person would exercise under similar conditions, or where such a defendant of ordinary prudence would have foreseen that the plaintiff's injury was probable under the circumstances." *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 473, 562 S.E.2d 887, 892 (2002)(citations omitted). "When there is no dispute as to the facts or when only a single inference can be drawn

PITTMAN v. HYATT COIN & GUN, INC.

[224 N.C. App. 326 (2012)]

from the evidence, the issue of whether a duty exists is a question of law for the court." *Mozingo v. Pitt Cnty. Mem'l Hosp., Inc.*, 101 N.C. App. 578, 588, 400 S.E.2d 747, 753 (1991), *aff'd*, 331 N.C. 182, 415 S.E.2d 341 (1992).

Here, the record contains no genuine issue of fact that Defendants breached, or even had, a legal duty to check the NCIC database or perform any other act of assurance beyond those actually performed. The evidence on record here establishes that Defendants had no statutory duty to check the NCIC database, *see* 28 U.S.C. § 534 (2011), or any other database. They had no access to the NCIC database or any other that would have informed them a firearm was reported stolen. Thus, Defendants' duty was to act as a reasonable and prudent person under the same or similar circumstances. *See Stewart v. Allison*, 86 N.C. App. 68, 71, 356 S.E.2d 109, 110 (1987)("The law imposes on every person in an active course of conduct the positive duty to use ordinary care to protect others from harm; it is negligence to violate this duty." (citation omitted)). There is no evidence on the record that indicates Defendants breached this duty. Based on the affidavits and deposition testimony submitted by Defendants, the record instead establishes that Defendants acted in accordance with what a reasonable firearms merchant would do. Thus, there is no genuine issue of fact with regard to the existence of a legal duty to act in the manner advocated by Plaintiff or the breach thereof. We affirm.

[2] Plaintiff next argues that summary judgment for Defendants was in error because genuine issues of material fact existed with regard to the claim for unfair and deceptive trade practice. First, Plaintiff alleges such practices occurred in selling stolen firearms. This argument fails because the firearm in this case was not in fact stolen. Next Plaintiff alleges that the act of failing to warn that the title had not been verified constitutes an unfair or deceptive trade practice. Again, we disagree.

"A party is guilty of an unfair act or practice when it engages in conduct which amounts to an inequitable assertion of its power or position." *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 264, 266 S.E.2d 610, 622 (1980)(citations omitted), *overruled in part on other grounds by Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 374 S.E.2d 385 (1988). "The facts surrounding the transaction and the impact on the marketplace determine whether a particular act is unfair or deceptive, and this determination is a question of law for the court." *Noble v. Hooters of Greenville (NC), LLC*, 199 N.C. App. 163, 167, 681 S.E.2d 448, 452 (2009)(citation omitted).

The facts here show that Defendants' practice does not cause a negative impact on the marketplace and displays no inequitable assertion of power, as the firearm sold to Plaintiff was one which Defendants had legal title to sell. In fact, the uncontroverted evidence shows that Defendants have never sold a stolen firearm in their fifty-two years of business.

[3] Plaintiff's remaining arguments that the trial court erred in granting summary judgment with respect to his claims of negligent infliction of emotional distress, intentional infliction of emotional distress, and punitive damages necessarily fail based on our above analysis. A claim of negligent infliction of emotional distress requires proof of negligent conduct. *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). As we have found no evidence of negligent conduct on the record, this argument fails. Because we found above that Defendants' actions were consistent with those of a reasonable and prudent person, Plaintiff's claim of intentional infliction of emotional distress fails to meet the required showing of "extreme and outrageous conduct . . . to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Smith-Price v. Charter Behavioral Health Sys.*, 164 N.C. App. 349, 354, 595 S.E.2d 778, 782 (2004) (internal quotation marks and citations omitted). Lastly, because a claim of punitive damages is dependent upon a successful claim for compensatory damages, N.C. Gen. Stat. § 1D-15 (2011), this argument must also fail.

Affirmed.

Judges ELMORE and STROUD concur.