ZACHARY, Judge.
 

 *606
 

 *81
 
 Jessie McClease ("plaintiff") appeals from an order granting Dover Volunteer Fire Department's ("defendant" or "Dover VFD") motion for summary judgment on plaintiff's claims for negligence and negligent infliction of emotional distress. On appeal, plaintiff argues that the trial court erred by granting summary judgment in favor of defendant because genuine issues of material fact existed as to whether defendant was
 
 *82
 
 negligent in that defendant: (1) failed to respond to the structure fire in a timely manner, and (2) failed to maintain or otherwise ensure that the North Oak Street fire hydrant was working properly. After careful review, we affirm the trial court's order.
 

 Background
 

 Plaintiff is a former resident of the Town of Dover, which is located in Craven County, North Carolina. In 1983, plaintiff and her husband purchased a residence on North Oak Street in Dover, where they lived until the residence was destroyed by a fire on 3 August 2013. Defendant is a non-profit corporation established under Chapter 55A of the North Carolina General Statutes that "provides fire suppression services to a six square mile area within Craven County." Plaintiff's residence was located within defendant's fire district.
 

 On 14 October 2015, plaintiff filed a verified complaint in which she asserted claims for negligence and negligent infliction of emotional distress against defendant and the Town of Dover arising from a structure fire on 3 August 2013 that resulted in the destruction of plaintiff's residence. Plaintiff specifically alleged that defendant was negligent in that defendant (1) failed to respond to the structure fire in a timely manner, and (2) failed to maintain or otherwise ensure that the North Oak Street fire hydrant near her home was working properly.
 

 In support of her claims, plaintiff submitted three affidavits. In the first affidavit, plaintiff's niece, Monica Garris, asserts that when she arrived at plaintiff's residence on 3 August 2013, (1) plaintiff's house "was already burned-down to the ground"; (2) "[t]he fire was out and the house was gone"; (3) "the Dover [ ] VFD was not there"; (4) "Dover VFD came after I arrived"; and (5) "[w]hen Dover VFD got there, they were asking the other fire departments ... what happened." In the second affidavit, plaintiff's former son-in-law, James Mock, asserts that when he arrived at plaintiff's residence on 3 August 2013, (1) "[t]he house was engulfed in flames"; and (2) "I did not see the Dover VFD at the scene." In the third affidavit, Burt Staton, a former volunteer for defendant, asserts that (1) he heard a fire alarm for fire assistance on Oak Street and drove toward defendant's fire station; (2) there was no response from defendant for assistance after dispatch; (3) when he arrived at the scene, he saw Cove City Volunteer Fire Department had arrived; (4) Cove City Volunteer Fire Department could not use the fire hydrant in front of plaintiff's house so they hooked up a fire hydrant approximately 20 feet away; and (5) Dover VFD finally arrived and was followed by the Jones County Volunteer Fire Department, Fort Barnwell Volunteer
 
 *83
 
 Fire Department, and Township 9 Volunteer Fire Department. Staton asserted that he stayed at the scene for approximately thirty minutes.
 

 The affidavits submitted by defendant and the parties' pleadings allege the following additional facts: Craven County's Communications Center is responsible for receiving all emergency 9-1-1 calls within the county and for dispatching the appropriate response units. If a dispatch remains unanswered for two minutes, the dispatcher will contact additional response units. The dispatch keeps an electronic "Detail Call For Services Report" ("Report") of the total communications made to and from all responding emergency personnel.
 

 When a structure fire is reported, Craven County has an automatic aid policy pursuant to which more than one fire department is automatically dispatched. When a structure fire is reported within defendant's fire district, the Cove City Volunteer Fire Department and the Fort Barnwell Volunteer Fire
 
 *607
 
 Department are also dispatched. Because defendant operates with an entirely volunteer staff, there is no internal policy requiring staffing of the station house where defendant's apparatuses are stored. However, each volunteer is issued a pager by which the volunteer is notified when an emergency call is received from within defendant's fire district. Additionally, defendant's leadership, including the Fire Chief, Assistant Chief, and Captains, keep VHF radios in their personal vehicles with which they respond to the Communications Center whenever a call is received. A response from defendant's leadership via VHF radio is transmitted to the other volunteers' pagers to inform them that an emergency call has been received and that defendant is responding.
 

 Upon confirmation that defendant is responding to an emergency, its volunteers may proceed either to defendant's fire station or directly to the location of the emergency, whichever is closer to their location at the time. As defendant's volunteers could be spread throughout the county upon dispatch, many of its volunteers keep their "turnout-gear" in their personal vehicles rather than at the fire house to put on at the scene of the fire.
 

 On 3 August 2013, plaintiff's husband, Mr. McClease, was mowing grass in the yard when he observed smoke coming from the attic of plaintiff's residence and realized that the residence was on fire. He immediately asked the neighbor to call 9-1-1. At 3:07 p.m., the Communications Center received an emergency call from plaintiff's neighbor reporting that plaintiff's residence was on fire. At 3:08 p.m., the Communications Center placed a dispatch call to defendant. Pursuant to the automatic aid agreement, the Cove City Volunteer Fire Department
 
 *84
 
 and the Fort Barnwell Volunteer Fire Department were dispatched at that time as well.
 

 Assistant Chief Eric Pitts and his brother, Captain Ethan Pitts, were at their parents' house when the dispatch came through. They proceeded directly to plaintiff's residence, arriving at 3:11 p.m. according to the Communications Center Report. Defendant's Captain Tyler Whitney was already at the scene performing a "size-up" to determine the appropriate course of action. Capt. Pitts remained at the scene with Capt. Whitney, while Asst. Chief Pitts proceeded to defendant's fire station to get a pumper truck.
 

 Asst. Chief Pitts returned with the pumper truck at 3:21 p.m., and defendant's volunteers hooked up the apparatus to a fire hydrant on Johnson Street, approximately 500 feet from plaintiff's residence. Defendant had notified the Town of Dover that the hydrant across from plaintiff's residence was inoperable approximately a month prior to the fire. However, according to Asst. Chief Pitts, even if the McClease hydrant had been operable, "[i]t was safer and more efficient to simply pull water from the Johnson Street hydrant" because "[c]onnecting either apparatus to the McClease fire hydrant would [have] require[d] a hose to be run around the apparatus thereby creating a trip hazard and limiting the mobility of both apparatus at the scene."
 

 Defendant filed its motion for summary judgment on 12 May 2017, which the trial court granted on 2 June 2017. Plaintiff gave timely notice of appeal.
 

 Standard of Review
 

 This Court reviews a trial court's order granting or denying summary judgment
 
 de novo
 
 .
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2017). "Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist."
 
 Draughon v. Harnett County Bd. of Educ.
 
 ,
 
 158 N.C. App. 208
 
 , 212,
 
 580 S.E.2d 732
 
 , 735 (2003) (citing
 
 Moore v. Fieldcrest Mills, Inc.
 
 ,
 
 296 N.C. 467
 
 , 470,
 
 251 S.E.2d 419
 
 , 422 (1979) ).
 

 The burden of proof governing motions for summary judgment is well established. Initially, the movant "bears the burden of establishing that there is no triable issue of material fact."
 

 *85
 

 DeWitt v. Eveready Battery Co.,
 

 355 N.C. 672
 
 , 681,
 
 565 S.E.2d 140
 
 , 146 (2002)
 

 *608
 
 (citing
 
 Nicholson v. American Safety Util. Corp.
 
 ,
 
 346 N.C. 767
 
 , 774,
 
 488 S.E.2d 240
 
 , 244 (1997) ). The movant may meet this burden " 'by proving that an essential element of the opposing party's claim is non-existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim ....' "
 
 Id
 
 . (quoting
 
 Collingwood v. G.E. Real Estate Equities,
 

 324 N.C. 63
 
 , 66,
 
 376 S.E.2d 425
 
 , 427 (1989) ). " '[O]nce the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a
 
 prima facie
 
 case at trial.' "
 
 Pacheco v. Rogers & Breece, Inc.,
 

 157 N.C. App. 445
 
 , 448,
 
 579 S.E.2d 505
 
 , 507 (2003) (quoting
 
 Gaunt v. Pittaway,
 

 139 N.C. App. 778
 
 , 784-85,
 
 534 S.E.2d 660
 
 , 664 (2000),
 
 cert. denied,
 

 353 N.C. 371
 
 ,
 
 547 S.E.2d 810
 
 (2001) ).
 

 "Summary judgment is seldom appropriate in a negligence action. A trial court should only grant such a motion where the plaintiff's forecast of evidence fails to support an essential element of the claim."
 
 Wallen v. Riverside Sports Ctr.
 
 ,
 
 173 N.C. App. 408
 
 , 411,
 
 618 S.E.2d 858
 
 , 861 (2005) (citing
 
 Bostic Packaging, Inc. v. City of Monroe
 
 ,
 
 149 N.C. App. 825
 
 , 830,
 
 562 S.E.2d 75
 
 , 79 (2002) ). Nonetheless, "[a] '[p]laintiff is required to offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, [summary judgment] is proper.' "
 
 Frankenmuth Ins. v. City of Hickory
 
 ,
 
 235 N.C. App. 31
 
 , 34,
 
 760 S.E.2d 98
 
 , 101 (2014) (quoting
 
 Young v. Fun Services-Carolina, Inc.,
 

 122 N.C. App. 157
 
 , 162,
 
 468 S.E.2d 260
 
 , 263 (1996) ).
 

 Discussion
 

 I. Negligence Claim
 

 Plaintiff argues that the trial court erred by granting summary judgment for defendant on plaintiff's claim for negligence because there existed genuine issues of material fact. After careful review, we conclude that plaintiff failed to produce evidence of genuine issues for trial on the issue of negligence.
 

 It is well established that in order to establish a
 
 prima facie
 
 case of negligence against the defendant, the plaintiff must demonstrate that "(1) the defendant owed the plaintiff a duty of care; (2) the defendant's conduct breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) plaintiff suffered damages as a result of the injury."
 
 Wallen
 
 ,
 
 173 N.C. App. at 411
 
 ,
 
 618 S.E.2d at 861
 

 *86
 
 (quoting
 
 Vares v. Vares
 
 ,
 
 154 N.C. App. 83
 
 , 87,
 
 571 S.E.2d 612
 
 , 615 (2002),
 
 disc. review denied
 
 ,
 
 357 N.C. 67
 
 ,
 
 579 S.E.2d 576
 
 -77 (2003) ).
 

 In the present case, plaintiff alleged that defendant was negligent in that defendant (1) failed to respond to the structure fire in a timely manner, and (2) failed to maintain or otherwise ensure that the North Oak Street fire hydrant was working properly. However, plaintiff failed to produce evidence of each element of these claims.
 

 There was no evidence before the trial court that defendant failed to respond in a timely manner. The record established that defendant responded within three minutes of the dispatch and was the primary unit at the scene of the fire. This is a reasonable response time and does not amount to a breach of the duty of reasonable care. Moreover, the affidavits submitted by plaintiff do not support her claim that defendant did not respond in a timely manner. Garris was not at the scene until after the fire was extinguished, and Mock merely asserts that he "did not see [defendant]" at the scene, which does not establish that defendant was not present. Staton's affidavit states that defendant arrived shortly after Cove City Volunteer Fire Department; defendant's apparatus did arrive after a Cove City Rescue Squad's ambulance, but this does not establish that none of defendant's volunteers were on scene and responding to the fire.
 

 In addition, there was no evidence before the trial court that defendant acted in a negligent manner with regard to the fire hydrant in front of plaintiff's residence. Plaintiff failed to put forth any evidence that defendant had a duty to maintain the fire hydrant. The evidence showed that it was the
 
 *609
 
 duty of the Town of Dover to maintain the fire hydrant, not that of defendant. Moreover, plaintiff produced no evidence that the inoperability of the fire hydrant was the proximate cause of plaintiff's damages. In fact, the evidence showed that defendant would not have used this fire hydrant, even if it had been operable at the time of the fire.
 

 Plaintiff failed to meet her burden to set forth specific facts establishing every element of her negligence claim. Therefore, defendant was entitled to judgment as a matter of law.
 

 II. Claim for Negligent Infliction of Severe Emotional Distress
 

 Plaintiff also argues that the trial court erred by granting summary judgment for defendant on plaintiff's claim for negligent infliction of emotional distress because there existed genuine issues of material fact. We conclude that plaintiff failed to produce specific facts showing any genuine issues for trial on this claim as well.
 

 *87
 
 A claim of negligent infliction of emotional distress requires proof of negligent conduct.
 
 Pittman v. Hyatt Coin & Gun, Inc.
 
 ,
 
 224 N.C. App. 326
 
 , 330,
 
 735 S.E.2d 856
 
 , 858-59 (2012). Given that plaintiff failed to present evidence establishing a
 
 prima facie
 
 negligence claim, she cannot recover on this cause of action.
 

 Furthermore, no evidence tends to show that plaintiff suffered
 
 severe
 
 emotional distress. Plaintiff attended one appointment with a counselor and never filled the prescription that the counselor provided. This does not establish a "severe and disabling emotional or mental condition," as such is defined under North Carolina law.
 
 Wilkerson v. Duke Univ.
 
 ,
 
 229 N.C. App. 670
 
 , 675-76,
 
 748 S.E.2d 154
 
 , 159 (2013) (citation and quotation marks omitted).
 

 Plaintiff failed to produce evidence to support a
 
 prima facie
 
 case of negligent infliction of emotional distress. Therefore, defendant was entitled to judgment as a matter of law.
 

 III. Immunity
 

 The issues of sovereign, governmental, and statutory immunity were raised in the parties' complaint and answer. However, neither party addresses these issues in their briefs submitted to this Court. Accordingly, we do not consider these issues on appeal.
 

 Conclusion
 

 For the reasons set forth above, the trial court's summary judgment order is
 

 AFFIRMED.
 

 Judges ELMORE and TYSON concur.