An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-309

Filed 17 September 2025

Wake County, No. 24CV004387-910

BOBBY L. WILLIAMS, Plaintiff,

v.

JACOB CRANDALL, Defendant.

Appeal by plaintiff from order entered on 20 November 2024 by Judge A. Graham Shirley in Wake County Superior Court. Heard in the Court of Appeals 6 August 2025.

*Bobby L. Williams, pro se plaintiff-appellant.*

*Young Moore and Henderson, P.A., by Angela Farag Craddock, and Law Offices of Travis Morton, PLLC, by Travis K. Morton, for defendant-appellee.*

PER CURIAM.

Plaintiff appeals from a trial court order granting defendant's motion for summary judgment on plaintiff's claims for intentional infliction of emotional distress, slander, and "deceitful business practices." After careful consideration, we affirm the trial court's order granting defendant's motion for summary judgment.

## I.  Factual and Procedural Background

Plaintiff's wife and defendant's wife are sisters.  Defendant and his wife own a parcel of land which adjoins a parcel owned by plaintiff and his wife.  In December 2022, defendant and his wife discovered that plaintiff's property was listed for sale on a realtor's website, and they subsequently placed an offer on the property through the agency.  The purchase was not completed because either the closing attorney or listing agent concluded that whoever listed plaintiff's property was not the lawful owner.

Plaintiff alleged that during a conversation between himself, his wife, defendant, and defendant's wife several weeks after the sale was terminated, defendant stated three times, "Bobby, you did it."  Plaintiff interpreted this statement as alleging that plaintiff listed the property without his wife's knowledge.  On 8 February 2024, plaintiff filed a pro se complaint against defendant in Wake County Superior Court, asserting claims for intentional infliction of emotional distress, slander, and "deceitful business practices."  Defendant filed a motion for summary judgment on 18 September 2024, and the trial court entered an order granting defendant's motion on 20 November 2024.  Plaintiff timely appealed.

## II.  Jurisdiction

As this Court has jurisdiction to review the final judgment of a superior court, N.C.G.S. § 7A-27(b)(1) (2023), and as the superior court's order granting defendant's motion for summary judgment constitutes a final judgment as to all parties in this

action, we have jurisdiction to review the superior court's order.

### III. Standard of Review

This Court reviews a trial court's summary judgment order de novo. *See Profitt v. Gosnell*, 257 N.C. App. 148, 151 (2017). Summary judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. *Forbis v. Neal*, 361 N.C. 519, 523-24 (2007). If a grant of summary judgment can be sustained on any grounds, it should be affirmed on appeal. *RME Mgmt., LLC v. Chapel H.O.M. Assoc., LLC*, 251 N.C. App. 562, 567 (2017).

### IV. Discussion

On appeal, plaintiff argues the trial court erred in granting defendant's motion for summary judgment because plaintiff claims there were genuine issues of material fact.[1] Specifically, plaintiff contends there are genuine issues of material fact regarding the context and circumstances in which the statement was made, the harm to plaintiff's reputation, the damages the statement wrought on plaintiff's marriage, and whether a reasonable person would understand the statement to impute criminal

---

[1] At the outset, we note that plaintiff's brief violates Rule 28(b)(6) of our Rules of Appellate Procedure because it does not contain a concise statement of the applicable standard of review for his issue on appeal. In addition, plaintiff cites cases with incorrect or missing volume/reporter numbers, includes quotes that were unable to be located in the precedent cited in their brief, and introduces new authority in his reply brief. Pro se litigants are cautioned to adhere closely to the requirements set forth in the Rules of Appellate Procedure.

conduct.[2]

This Court has long recognized two actionable classes of oral defamation: slander *per se* and slander *per quod*. *Donovan v. Fiumara*, 114 N.C. App. 524, 527 (1994). In claims for slander *per se*, if the statement falls within one of the three judicially formulated categories, the false remarks in themselves may form the basis of an action for damages, in which case both malice and damages are, as a matter of law, presumed. *Id.* at 527–28. In claims for slander *per quod*, the false utterance may sustain an action only when causing some special damages, and both malice and special damages must be alleged and proven. *Id.*

## A. Slander *per se*

Slander *per se* is "an oral communication to a third party which amounts to (1) an accusation that the plaintiff committed a crime involving a moral turpitude; (2) an allegation that impeaches the plaintiff in his trade, business, or profession; or (3) an imputation that the plaintiff has a loathsome disease. *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29–30 (2002) (cleaned up). When language falling within one of these categories is spoken, the law raises a *prima facie* presumption of malice and a

---

[2] Plaintiff's brief addresses only his claim for slander. Accordingly, any contentions regarding his other claims are abandoned. *See, e.g.,* N.C. R. App. P. 28(b)(6) (2023) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."); *Langston v. Richardson*, 206 N.C. App. 216, 219 (2010) ("[A]ll the other findings to which [plaintiff] has not assigned error or argued are presumed to be supported by competent evidence and are binding on this Court."); *Premier Plastic Surgery Ctr., PLLC v. Bd. of Adjust. for Town of Matthews*, 213 N.C. App. 364, 368 (2011) (concluding that appellants "abandoned [an] issue by failing to provide any reason or argument in support of their assertion.").

conclusive presumption of legal injury and damage. *Donovan*, 114 N.C. App. at 528. To be actionable *per se*, the deceptive statement or misrepresentation must have been the proximate cause of the plaintiff's actual injury. *See, e.g., Ellis v. Northern Star Co.*, 326 N.C. 219, 226 (1990); *Ausley v. Bishop*, 133 N.C. App. 210, 216–17 (1999). However, "alleged false statements made by defendants, calling plaintiff 'dishonest' or charging that plaintiff was untruthful and an unreliable employee, are not actionable *per se*." *Stutts v. Duke Power Co.*, 47 N.C. App. 76, 82 (1980). In examining an alleged defamatory statement, the court must view the words within their full context and interpret them using the plain meaning that ordinary people would attribute to the words. *Boyce & Isley, PLLC*, 153 N.C. App. at 30–31.

Here, plaintiff relies on *Renwick v. News & Observer Pub. Co.*, 310 N.C. 312 (1984), to argue the trial court erred in granting summary judgment because damages are presumed as a matter of law in slander *per se* claims.[3] However, as damages are only presumed as a matter of law if the utterance falls within the three types of defamatory statements, plaintiff's argument is without merit. *Donovan*, 114 N.C. App. at 527. Here, defendant's statement "Bobby, you did it" does not *facially* communicate (1) an accusation that plaintiff committed a crime involving moral turpitude; (2) an allegation that impeached plaintiff in his trade, business, or

---

[3] Though plaintiff relies on *Renwick* to support his contention that damages are presumed as a matter of law in cases of slander *per se*, that case addressed a claim for libel, not slander. 310 N.C. at 315.

profession; or (3) an imputation that plaintiff has a loathsome disease.

As a result, the utterance cannot be considered slanderous *per se*, and the trial court did not err in granting summary judgment in favor of defendant on this claim.

## B. Slander *per quod*

Slander *per quod* involves a spoken statement of which the harmful character does not appear on its face as a matter of general acceptance but rather becomes clear only in consequence of extrinsic, explanatory facts showing its injurious effect. *See Donovan*, 114 N.C. App. at 527. Slander *per quod*, unlike slander *per se*, requires the pleading and proving of special damages. *See, e.g., Glenn v. Johnson*, 247 N.C. App. 660, 670 (2016); *Stutts*, 47 N.C. App. 76, 82 (1980).

In the context of an action for defamation, special damages mean pecuniary loss, and the showing of emotional distress and mental suffering alone is not sufficient. *Donovan*, 114 N.C. App. at 527. This Court has held that where special damages are an essential element of a cause of action, the failure to allege facts showing special damages subjects the complaint to dismissal. *See, e.g., Casper v. Chatham Cnty.*, 186 N.C. App. 456, 651 (2007) (dismissal of petition by landowners challenging special use permit granted to a neighbor was proper where landowners failed to allege how they suffered special damages); *Donovan*, 114 N.C. App. at 651 (complaint for slander *per quod* properly dismissed where plaintiff failed to allege special damages).

Here, plaintiff has not offered any evidence that he suffered special damages.

Plaintiff merely claims he suffered emotional anguish and mental suffering from the false utterance made by defendant. But where there is no evidence of a pecuniary loss shown in the record, the claim is subject to dismissal. *See, e.g., Ringgold v. Land*, 212 N.C. App. 369, 371 (1937) (concluding that a complaint seeking damages for slander *per quod* that fails to allege facts showing special damages is properly dismissed); *Glenn*, 247 N.C. App. at 671 (holding that where there is no evidence of actionable defamation in the record, the trial court did not err in granting summary judgment on claims of slander *per quod*). Thus, the trial court did not err in granting summary judgment in favor of defendant on the claim of slander *per quod*.

## V. Conclusion

We affirm the trial court's order of summary judgment on the issue of slander. The trial court entered summary judgment for plaintiff's remaining claims, intentional infliction of emotional distress and unfair and deceptive trade practices. Under Rule 28(b)(6) of the Rules of Appellate Procedure, plaintiff waived these claims on appeal by failing to make an argument as to these claims. Accordingly, we affirm the trial court's order.

AFFIRMED.

Panel consisting of Judges COLLINS, HAMPSON, and FREEMAN.

Report per Rule 30(e).